# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANAVERO, INC** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **THRIVE COMMERCE, LLC** | : | **NO. 25-5520** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                              **January 7, 2026**

In this breach of contract action, plaintiff Danavero, Inc., a Canadian corporation, sues Thrive Commerce, LLC, a Delaware limited liability company operating from offices in Philadelphia, Pennsylvania. Danavero alleges Thrive Commerce failed to pay outstanding invoices for software services provided pursuant to a written contract. Thrive Commerce moves to dismiss the complaint, contending Danavero cannot maintain an action here because it is not registered to do business in Pennsylvania as required by 15 Pa. C.S.A. § 411.

We conclude Danavero is not barred from bringing and maintaining this action. It was transacting business in interstate commerce—an activity that is not considered "doing business" in the Commonwealth within the meaning of 15 Pa. C.S.A. § 403. Therefore, we shall deny Thrive Commerce's motion to dismiss.

## Background

Danavero is a Canadian corporation organized in Ontario with its principal place of business there.[1] Danavero provides software development guidance and staffing for clients in Canada and the United States.[2]

The parties entered into a Master Services Agreement ("MSA").[3] The agreement assigned software development professionals from Danavero to Thrive Commerce.[4] The first Statement of Work ("SOW") covered a 12-month assignment starting on April 3, 2023.[5] When that expired, a second SOW was executed for another 12-month assignment.[6]

The MSA listed Danavero's Canada address and Thrive Commerce's Philadelphia address.[7] It stated, "Danavero, Inc. will provide, at its own expense, a place of work and all equipment and tools as listed in <u>Attachment A</u> of the Statement of Work."[8] The MSA also states, "The Program Managers will meet periodically, either telephonically or in person, to discuss issues, performance, and administration of this Agreement, and representatives of the Parties will otherwise interact and correspond as appropriate to

---

[1] Compl. ¶ 1, Doc. No. 1.

[2] *Id.* ¶ 7.

[3] *Id.* ¶ 9.

[4] *See* Ex. A to Compl., Master Services Agreement ["MSA"] at 9, Doc. No. 1–3.

[5] *See* Ex. B. to Compl., Statement of Work 1 at 1–2, Doc. No. 1–4.

[6] *See* Ex. C to Compl., Statement of Work 2 at 1–2, Doc. No. 1–5.

[7] MSA at 1, Doc. No. 1–3.

[8] *Id.* at 9.

implement and provide the Services."[9]  The MSA further stated, "Danavero Inc. will provide Client at no additional cost with standard hardware and software, including Internet connectivity to its off-shore team, in accordance with Danavero Inc. then-current standard operating procedures as reflected in <u>Attachment A</u> of the Statement of Work."[10] The MSA provides that the agreement is governed by Pennsylvania law.[11]

After Thrive Commerce failed to pay its invoices, Danavero brought this action. Thrive Commerce filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Danavero could not prosecute this action because it had not registered to do business in the Commonwealth.

**Analysis**

Under the Corporations and Unincorporated Associations Code, a foreign corporation "may not maintain an action or proceeding in this Commonwealth unless it is registered to do business under this chapter."  15 Pa. C.S.A. § 411(b).  The statute does not define "doing business."  Instead, it enumerates thirteen activities that do not constitute doing business.  *Id.* § 403(a)(1–13).  Among the exceptions to the registration requirement in Section 403 is a foreign entity doing business in interstate commerce. Section 403(a)(11) provides that "[a]ctivities of a foreign filing association…that do not constitute doing business in this Commonwealth…shall include…[d]oing business in interstate or foreign commerce."  The Committee Comments note that "any conduct more

---

[9] *Id.*

[10] *Id.* at 10.

[11] *Id.* at 7.

regular, systematic, or extensive" than what is described in Section 403 constitutes doing business and requires the foreign entity to register. *Id.* § 403, Committee Comment.

Here, Danavero conducted business in interstate commerce. Operating from Canada, it staffed software development professionals for Thrive Commerce for its online marketing business. There is no suggestion that Danavero's staff worked anywhere other than in Canada. Nor is there any hint that Danavero's staff had contact with anyone at any time other than Thrive Commerce's staff in connection with this single contract. In short, there is no showing that Danavero's conduct was systematic or extensive so as to remove its activity from Section 403(a)(11)'s interstate commerce exception. As the Committee Comments observed, "regular conduct under section 403(7), (8), or (11) does not require registering to do business." 15 Pa. C.S.A. § 403, Committee Comment. Therefore, because Danavero's conduct falls within the exception in Section 403(a)(11) and it need not register as a foreign corporation to do business in Pennsylvania, we shall deny Thrive Commerce's motion to dismiss.